## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CARLA WRIGHT, individually and on behalf of others similarly situated, | § CIVIL ACTION § § § NUMBER: 3:20-cv-00823-BAJ-SDJ |
|     Plaintiff | § § |
| v. | § § JUDGE: Brian A. Jackson |
| GEICO CASUALTY COMPANY, | § § |
|     Defendant. | § MAGISTRATE: Scott D. Johnson § |

## FIRST AMENDED CLASS ACTION COMPLAINT

The Petition of **CARLA WRIGHT**, an individual of the full age of majority and resident of the Parishes within this Judicial District, State of Louisiana, individually, and on behalf of all other persons similarly situated, hereinafter referred to as "Plaintiff" or "Putative Class Representative," brings this suit as a class action against the Defendant, **GEICO CASUALTY COMPANY** ("Defendant" or "GEICO"), respectfully representing as follows:

1.

Made Defendant in this cause of action is **GEICO CASUALTY COMPANY**, a Maryland corporation with its principal place of business in Fredericksburg, Virginia, licensed to do and doing business in the State of Louisiana,

who may be served through its registered agent for service of process, CT Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816.

2.

Defendant is liable unto the Putative Class Representative and all others similarly situated for all elements of damages allowed by Louisiana law, whether past, present, and/or future damages, in an amount that is just and reasonable in the premises.

## JURISDICTION

3.

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because (a) the Plaintiff is a member of the putative classes defined herein, each of which consists of at least 100 members, and she and the Defendant are citizens of different states; (b) the amount-in-controversy exceeds $5 million dollars exclusive of interest and costs; and (c) none of the 28 U.S.C. § 1332 exceptions apply to this claim.

## VENUE

4.

Plaintiff alleges that venue in this Honorable Court is proper pursuant to 28 U.S.C. 1391(a), because a substantial portion of the acts and course of conduct

giving rise to the claims alleged occurred within the district and the Defendant is subject to personal jurisdiction in this district.

## NATURE OF THE CASE

5.

This is a Louisiana class action lawsuit by Plaintiff, individually, and on behalf of a putative class of persons (the "Class"), who were insureds under GEICO automobile policy issued for private passenger auto physical damage, pursuant to which Defendant was required to pay the cost to repair an insured vehicle up to the "Actual Cash Value" ("ACV") of the vehicle.

6.

Defendant GEICO is one of the largest passenger auto insurance carriers operating in the State of Louisiana. One of the coverages GEICO sells to consumers is comprehensive and collision coverage. GEICO systematically and uniformly underpaid Plaintiffs and thousands of other putative Class Members amounts owed to its insureds who suffered the total loss of a vehicle insured with comprehensive and collision coverage.

7.

Insureds, such as Plaintiff and the putative Class Members, pay a premium in exchange for GEICO's promise to repair any damage to an insured vehicle caused by a covered peril. However, GEICO's obligation to repair damage is not limitless;

rather, it is limited (or capped) to the ACV of the insured vehicle – for example, CSAA is not obligated to spend $20,000 to repair extensive damage to a vehicle that is only worth $5,000. Under such circumstances, where the cost to repair damage exceeds the value of the vehicle (less retained value), the vehicle is considered a "total loss." If a "total loss" occurs, GEICO's contractual obligation is limited to paying the ACV of the total-loss vehicle.

8.

ACV is defined by both the Policy and by Louisiana law as the *replacement cost* of the auto, less depreciation or betterment.  *See Jouve v. State Farm Fire & Cas. Co*., 74 So. 3d 220, 229 (La. Ct. App. 2011) ("Under Louisiana law, actual cash value is equal to replacement cost value less depreciation.").

9.

To replace a car in Louisiana, an insured is required to pay sales tax and fees required to properly register and title a motor vehicle. Those reasonably necessary fees include a $68.50 title fee, La. R.S. § 32:728, a minimum title transfer handling fee of $8.00, La. R.S. § 32:412.1, and a minimum license plate transfer fee of $3.00., R.S. § 47:509(3).

A vehicle will not be legally transferred until the new owner makes proper application for title and pays the concomitant fees.

https://expresslane.dps.louisiana.gov/Notice_of_Transfer/VT_page_1.aspx

10.

GEICO refuses to pay the full ACV replacement cost including but not limited to any amount for, in some cases, sales tax on the vehicle value or title transfer fees or plate transfer fees, despite its promise to pay its insureds the replacement costs of their vehicles. GEICO thus breaches the Policy and Louisiana law by failing to pay the reasonably necessary replacement costs on first party covered total loss claims.

11.

This lawsuit is brought on behalf of Plaintiffs and on behalf of all other similarly situated insureds who have suffered damages due to the Defendant's practice of refusing to pay reasonably necessary ACV in total loss claims under comprehensive and+ collision coverages.

## STATEMENT OF FACTS

12.

GEICO's Policies covered Plaintiff and Class Members based on standardized policy language with identical material terms for collision and comprehensive coverage on first-party total loss physical damage claims.

**A.    The Policy Required GEICO To Pay Actual Cash Value, Including Reasonably Necessary Replacement Costs of Sales Tax, Title Transfer Handling Fees and License Plate Transfer Fees on All Total Loss Claims.**

13.

The Polices promise to pay for "***loss***" to a covered auto. Relating to physical damage collision coverage, the Policies specifically provide:

> We will pay for ***collision loss*** to the ***owned*** or ***non-owned auto*** for the amount of each ***loss*** less the applicable deductible.

*Id*. at 8. (original emphasis).

14.

The Policies provide as follows relating to physical damage comprehensive coverage:

> We will pay for each ***loss*** less the applicable deductible caused other than by ***collision*** to the ***owned*** or ***non-owned auto***.

*Id*. at 7.

15.

The Policies explain that GEICO will pay for "loss" by [GEICO] electing to either: "(a) pay for the loss; or (b) repair or replace the damaged or stolen property. *Id.* at 9.

16.

In the same section, under a provision entitled "LIMIT OF LIABILITY," the

Policies state, in pertinent part:

> The limit of our liability for *loss*:
>
> 1.    Is the ***actual cash value*** of the property at the time of the ***loss***;
>
> …
>
> ***Actual cash value*** of property will be determined at the time of the loss and will include an adjustment for ***depreciation/betterment*** and for the physical condition of the property.

*Id*. at 8. (original emphasis).

17.

"***Loss***" is defined under the Policy as "direct and accidental loss of or damage

to (a) the auto, including its equipment; or (b) other insured property."

"**Actual cash value**" is defined as "the replacement cost of the auto or

property less ***depreciation*** or ***betterment***." *Id.* at 7.

18.

Taken together, these Policy provisions obligate Defendant to pay for "loss"

(i.e., damage to the auto) by either paying for the "loss" (i.e., damage) or by actually

"repairing or replacing" the vehicle. However, if the cost of paying for the loss (i.e.

damage) or the cost of repairing or replacing the vehicle *exceeds* the value of the

vehicle, Defendant is entitled under the limitation of liability to elect to pay the "actual cash value" of the vehicle (i.e., replacement cost, less depreciation).

19.

GEICO violated the policy provisions requiring that it pay "loss" on comprehensive and collision claims. "Loss" expressly includes actual cash value pursuant to the policy's Limit of Liability provision, *id*. at 8, and pursuant to the policy's definition of ACV. The policy defines ACV as "the replacement cost of the auto or property less depreciation or betterment." *Id*. at 7. Thus, ACV (replacement cost less depreciation), by the clear terms of the policy, is part of "loss." If ACV was not meant to be included in "loss," it could not be within the limits of liability and would not be defined in the policy.

20.

ACV is the only "loss" provision in the Policy that includes and permits deductions for depreciation or betterment. GEICO deducts for depreciation and betterment on total loss claims, which evidences that GEICO pays ACV on the total loss claims. GEICO trains its adjusters that it pays ACV on total losses, which permits the reduction in coverage for depreciation and betterment. GEICO's auto damage adjuster's handbook instructs its adjusters that GEICO pays ACV on total loss claims. GEICO's general practice is to pay sales tax on first party total loss claims because they are replacement costs and thus part of ACV.

21.

The Policies contain no provision setting out a difference in coverage based on whether a total loss vehicle is replaced after the total loss. The Policies contain no provision setting out a difference in coverage based on whether a total loss vehicle is leased, owned, or financed. The Policies impose no condition that an insured replace a total-loss vehicle to receive full coverage under the Policy.

22.

The Policies do not exclude from coverage the reasonably necessary sales tax or title transfer fees and/or license plate transfer fees.

23.

The Policies incorporate the mandates of Louisiana law:

> CHOICE OF LAW
>
> The policy and any amendment(s) and endorsement(s) are to be interpreted pursuant to the laws of the state of Louisiana.

*Id*. at 21.

24.

GEICO defines "total loss" on its website as "Property that has sustained damage so extensive that repairing it is not reasonable. A vehicle is considered a total loss if it cannot be repaired safely, if repairing the vehicle is not economically practical, or if state regulations require [GEICO] to consider it a total loss." GEICO.CCOM;  *Glossary    of    Insurance    Terms    and    Definitions*,

https://www.geico.com/information/insurance-terms/ (last visited January 15, 2021).

25.

GEICO represents on its website that, if a car it "totaled," GEICO "will only pay [its insured] the actual cash value of [their] car, minus the deductible, factoring in depreciation." GEICO.com, *Common Myths About Auto Insurance*, https://www.geico.com/information/life-stages/on-your-own/auto-insurance-myths/ (last visited January 14, 2021).

26.

GEICO, as a general business practice, elects to pay "actual cash value" every time it determines a vehicle to have sustained a "total loss."

27.

GEICO represents, both through its Policies and through statements on its website, that "actual cash value" means "replacement cost, less depreciation." GEICO.CCOM; Glossary of Insurance Terms and Definitions, https://www.geico.com/information/insurance-terms/ (last visited January 15, 2021).

**B.     The Policies and Louisiana Law Required GEICO to Pay Title Transfer Handling Fees and License Plate Transfer Fees on Total Loss Claims.**

28.

ACV replacement costs including sales tax, title transfer handling fees and license plate transfer fees are incident to transfer of ownership and must have been paid by GEICO under the Policy and Louisiana law.

29.

Throughout the class period, Louisiana levied a sales and use tax on the sale or lease of any automobile sold or leased throughout the State of Louisiana. La. R.S. §§ 47:301-37:318.

30.

Throughout the class period, Louisiana prohibited the purchase, transfer, or lease of a vehicle without the transfer of title, and the payment of a minimum $8.00 title transfer handling fee. La. R.S. § 32:412.1 (A)(3)(b):

> A. Except as provided for in Subsection E of this Section, the office of motor vehicles shall collect, in addition to any fee authorized by law, a handling charge of eight dollars for each of the following transactions:
> …
> (3) Vehicle titling and registration:
> …
> (b) Transfer of ownership.

31.

Throughout the class period, Louisiana prohibited the purchase, transfer, or lease of a private passenger vehicle without proper registration, and the payment of a minimum $3.00 license plate transfer fee. La. R.S. § 47:509 (B)(3) ("To effect such transfer and registration the owner of the vehicle shall pay a total registration transfer fee of three dollars. Such fee shall cover only the transfer of said registration.").

Throughout the class period, Louisiana does not recognize the transfer or ownerships of a motor vehicle without payment of the $68.50 title fee, La. R.S. § 32:728 (a vehicle will not be legally transferred until the new owner makes proper application for title).

https://expresslane.dps.louisiana.gov/Notice_of_Transfer/VT_page_1.aspx.

## C. GEICO Breached Its Policy with Plaintiff by Failing to Pay Reasonably Necessary Replacement Costs on Her Total Loss Claim.

32.

Plaintiff entered a Louisiana automobile policy agreement to be insured by GEICO under terms contained in the "form" policy.

33.

The Policy provided physical damage coverage for Plaintiff's 2011 Toyota Camry LE, VIN 4T1BF3EK9BU759787 ("Plaintiff's Vehicle").

34.

Plaintiff's Vehicle was titled and registered in accordance with Louisiana law.

Plaintiff paid sales tax, title fees and registration fees for the total loss vehicle prior to the loss.

35.

On or about September 10, 2015, Plaintiff was involved in an auto collision while operating Plaintiff's Vehicle. Plaintiff submitted a claim to GEICO for the Plaintiff's Vehicle physical damage caused by the collision, claim number 010070474-0101-056.

36.

Because GEICO determined that the cost to repair exceeded the cost to replace the vehicle, GEICO declared that Plaintiff's Vehicle was a "total loss" and GEICO, not the insured, elected pursuant to the Policy to pay the ACV of the vehicle instead of the higher cost to repair the vehicle.

37.

GEICO determined Plaintiff's Vehicle had a total value of $9,776.21. *See* Exhibit B at 2 (Total Loss Settlement Explanation).

38.

GEICO subtracted the deductible of $500.00 and added a post-tax adjustment of $68.50 but did not include any amount for title and license plate transfer fees. GEICO made a final payment of $9,344.71 to Plaintiff. *Id.*

39.

The title transfer handling fee owed on Plaintiff's claim was $8.00 because Louisiana requires a minimum title transfer handling fee of $8.00. LA. R.S. 32:412.1 The license plate transfer fee owed on Plaintiff's claim was $3.00 because Louisiana requires a minimum license plate transfer fee of $3.00. La. R.S. 47:509. The title fee was $68.50.  La. R.S. § 32:728,

40.

Plaintiff replaced her total-loss vehicle with a replacement vehicle. The cost to replace her vehicle included all reasonably necessary replacement costs, such as all sales tax, title, registration, and transfer fees.

41.

GEICO breached its Policy by failing to pay all reasonably necessary replacement costs to Plaintiff, including the title fee, transfer handling fee and license plate transfer fee.

42.

Plaintiff was damaged by GEICO's breach.

**D. GEICO Breached Its Policies with All Class Members by Failing to Pay the Replacement Costs on Their Total Loss Claims.**

43.

Each Class Member was insured by GEICO for total losses under the same material terms as the Policy insuring Plaintiff.

44.

Like Plaintiff, each Class Member submitted a claim to GEICO during the class period, which GEICO determined was a covered total loss.

45.

GEICO breached its insurance policy with each Class Member by failing to pay all reasonably necessary replacements costs on the Class Member's total loss claim.

46.

Plaintiff satisfied all terms of the Policies and all conditions precedent, such that their insurance policies were in effect and operational at the time of the accident, and their total loss claims were deemed covered claims by GEICO.

**E.      Plaintiff and Class Members Pray for Expenses of Litigation Pursuant to La. R.S. § 22:1892 and La. R.S. § 22:1973.**

47.

Plaintiff and Class Members are entitled to expenses of litigation, including all attorneys' fees and costs pursuant to La. R.S. § 22:1892(B)(1) and La. R.S. § 22:1973.

48.

GEICO has acted in bad faith and GEICO's failure to pay full ACV replacement costs was arbitrary, capricious, or without probable cause.  GEICO has caused Plaintiff and Class Members unnecessary trouble and expense by GEICO's failure to comply with the clear requirements of the Policy and Louisiana law.

49.

There is no legal justification for GEICO's conduct in failing to pay full ACV replacement costs on Louisiana first-party total loss claims.

## CLASS ACTION ALLEGATIONS

50.

Plaintiff brings this lawsuit as a class action seeking representation of the Class pursuant to Fed. R. Civ. P. 23(b)(1), (b)(2), (b)(3) and/or (c)(4), as may deemed appropriate by the Court.

51.

Plaintiff asserts claims for breach of contract on behalf of the Class defined

as follows:

> All insureds who, under a motor-vehicle policy issued by GEICO
> in the State of Louisiana with comprehensive and/or collision
> coverage, submitted a covered first-party physical damage claim,
> and whose claim was adjusted as a total loss and resulted in a
> total-loss payment from GEICO during the period of limitations
> through the date of class certification.

Plaintiff reserves the right to amend this class definition as additional facts are

discovered and become known.

52.

Excluded from the Class are all officers and employees of GEICO and its

affiliates, parents, and subsidiaries; all persons who make a timely election to be

excluded from the Class; government entities; and the judges to whom this case is

assigned and their immediate family and court staff.

53.

**Numerosity.** The Class is so numerous that joinder of all individual claims at

issue is impracticable. It is believed that there are thousands of Louisiana residents

whose claims resulted in a total loss payment from GEICO that did not include title

transfer handling fees and/or license plate transfer fees during the class period.  Thus,

numerosity is established within the meaning of Rule 23(a)(1).

54.

**Commonality.** There are common issues of law and fact as to:

    a.    Whether the Policy requires GEICO to pay full ACV replacement costs, including sales tax, title transfer handling fees on first-party total loss claims; and

    c.    Whether GEICO breached the Policy by failing to pay full ACV replacement costs, including sales tax, title transfer handling fees and/or license plate transfer fees.

    Thus, commonality is established within the meaning of Rule 23(a)(2).

55.

**Typicality.** Plaintiff's claims and defenses are typical of the claims of all Class Members. GEICO injured Plaintiff and Class Members through uniform misconduct and Plaintiff's legal claims arise from the same core practice—GEICO's failure to pay full ACV, including title transfer handling fees and/or license plate transfer fees, on first-party total loss claims under Louisiana physical damage policies. Plaintiff suffered the same harm as all Class Members: damages for unpaid replacement costs required under the Policy. Plaintiff's interests are identical to those of the other Class Members, within the meaning of Rule 23(a)(3).

56.

**Adequacy.** Plaintiff will fairly and adequately represent and protect the interests of the Class because:

a)      Plaintiff has retained counsel experienced in litigating consumer class actions and complex litigation, and counsel will adequately represent the interests of the Class;

b)      Plaintiff and her counsel are aware of no conflicts of interest between Plaintiff and absent Class Members or otherwise;

c)      Plaintiff and her counsel have adequate financial resources to assure that the interests of the Class will not be harmed; and

d)      Plaintiff is knowledgeable concerning the subject matter of this action and will assist counsel in the prosecution of this litigation and protection of the putative Class Members interests in this regard.

Thus, adequacy is established within the meaning of Rule 23(a)(4).

57.

A class action provides a fair and efficient method for adjudicating this controversy and is superior to the other available methods of adjudication in that:

a)      Neither the size of the Class, nor any other factor, make it likely that difficulties will be encountered in the management of this Class as a class action;

b)     The prosecution of separate actions by individual Class Members, or the individual joinders of all Class Members in this action, is impracticable and would create a massive and unnecessary burden on the resources of the courts and could result in inconsistent adjudication, while a single class action can determine, with judicial economy, the rights of each member of the Class;

c)     Because of the disparity of resources available to Defendant versus those available to individual Class Members, prosecution of separate actions would work a financial hardship on many Class Members;

d)     The conduct of this action as a class action conserves the resources of the parties and the court system and protects the rights of each Class Member and meets all due process requirements as to fairness to all parties. A class action is also superior to the maintenance of these claims on a claim by claim basis when all actions arise out of the same circumstances and course of conduct; and

e)     Because the claims may be small or nominal in nature, individual actions will be rendered financially impractical if not impossible.

## <u>COUNT I</u>
## <u>BREACH OF CONTRACT</u>

58.

The allegations in the preceding paragraphs are hereby incorporated by reference.

59.

Plaintiff and all Class Members were covered insureds under their Policies with GEICO and complied with all Policy terms relating to their total loss claims.

60.

Each Policy and Class Member made a claim under their Policy that GEICO determined to be a first-party total loss covered claim.

61.

The Policy required that GEICO pay Plaintiff and all Class Members for the "loss" to their insured vehicles, which GEICO defined as "direct and accidental loss of or damage to" the vehicle.

62.

However, if the value of the "loss" exceeds the value of the damage, referred to as a "total loss," GEICO is entitled, under the limitation of liability provision, to elect to pay the "actual cash value" of the vehicle.

63.

If GEICO does not pay the full value of the "loss," and GEICO instead elects to pay ACV, it is obligated to pay the full amount of ACV.

64.

GEICO chose to specifically define ACV as "replacement cost" of the insured vehicle, less depreciation or betterment.

65.

GEICO determined that Plaintiff's and all Class Members' vehicles experienced a total loss.

66.

GEICO elected to pay Plaintiff and Class Members ACV instead of paying the higher cost of loss or repair or replace.

67.

By electing to pay ACV, GEICO was required under its Policy, to pay reasonably necessary replacement costs, which were reasonably likely to be incurred on the replacement of their total loss vehicles. Such costs include sales tax, title and registration fees, including title transfer handling fees and license plate transfer fees, on total losses because such taxes and fees are reasonably necessary replacement costs for total loss insured vehicles.

68.

GEICO failed to pay Plaintiff and all Class Members full ACV replacement costs, including all sales tax title and/or title transfer and license plate transfer fees owed under the Policy on their first-party total loss claims.

69.

GEICO's failure to pay Plaintiff and Class Members full ACV replacement costs including sales tax, title transfer handling fees and/or license plate transfer fees constitutes a breach of GEICO's Policies.

70.

As a result of GEICO's breaches, Plaintiff and Class Members have suffered damages and are entitled, under their Policies, to sums representing all ACV replacement costs, including but not limited to unpaid sales tax on the value of the total loss vehicle at the time of loss, unpaid title transfer handling fees and license plate transfer fees, as well as prejudgment and post judgment interest, attorneys' fees, and all costs and expenses of litigation.

71.

Plaintiff and the Class Members are entitled to an award of attorneys' fees and costs under Louisiana law and all contractual and statutory provisions allowing for recovery of attorneys' fees.

## COUNT II
## EXPENSES OF LITIGATION
### (La. R.S. § 22:1892 and La. R.S. § 22:1973)

72.

The allegations in the preceding paragraphs are hereby incorporated by reference.

73.

La. R.S. § 1892 requires an insurer to pay its insureds the amount of a claim due within thirty days after receipt of proof of loss.

74.

La. R.S. 22:1973(A) requires an insurer to act with good faith and fair dealing, to adjust claims fairly and promptly, and to make a reasonable effort to settle claims with the insured.

75.

GEICO violated La. R.S. § 1892 and § 1973 by failing to pay Plaintiff and all Class Members full ACV after determining that the vehicles sustained total losses.

76.

At the time GEICO declared the vehicles total losses, GEICO knew that its Policies obligated it to pay full replacement costs of the vehicles, less depreciation.

77.

GEICO advertised on its website that ACV meant replacement cost less depreciation.  https://www.geico.com/information/insurance-terms/  (last visited

January 14, 2021). This definition was confirmed by specific language in its auto Policies, written throughout the State of Louisiana. (Policy, p. 7).

78.

Despite its advertised promise to pay ACV, Defendant failed to pay Plaintiff and Class Members the full amount owed within thirty days of receipt of proof of the loss.

79.

GEICO has acted in bad faith, been stubbornly litigious, and caused Plaintiff and Class Members unnecessary trouble and expense by failing to comply with the clear requirements of the Policies and Louisiana law.

80.

There is no legal justification for GEICO's conduct in failing to pay full ACV replacement costs, including title transfer handling fees and license plate transfer fees, on Louisiana first-party total loss claims.

81.

Plaintiff and Class Members are entitled to, and expressly pray for, expenses of litigation, including all attorneys' fees and costs pursuant to La. R.S. § 22:1892(B)(1) and La. R.S. § 22:1973.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually, and on behalf of the Class including all other persons similarly situated, prays that GEICO be duly cited and served with this Petition, be required to appear and answer the same, and after due proceedings had, that there by judgment rendered herein in favor of Plaintiff and the Class, and against Defendant, GEICO CASUALTY COMPANY jointly, severally, and *in solido*, as follows:

a) For an order certifying this action as a class action on behalf of the Class, with Plaintiff as class representatives;

b) For notice to be sent to the Class in a form and manner approved by the Court;

c) For an award of compensatory damages in amounts owed under the Policies and Louisiana law;

d) For all other damages according to proof;

e) For an award of attorneys' fees and expenses pursuant to La. R.S. § 22:1892(B)(1) and La. R.S. § 22:1973 and other applicable law;

f) For costs of suit incurred herein;

g) For prejudgment and post judgment interests on any amounts awarded; and

h)    For such other relief as this Court deems just and proper.

This <u>19th</u> day of <u>January</u>, <u>2021</u>.

Respectfully submitted,

/s/ Stephen J. Herman_____

**Stephen J. Herman**, La. Bar No. 23129

**Soren E. Gisleson**, La. Bar No. 26302

**John S. Creevy**, La. Bar No. 30879

**Charles M. King**, La. Bar No. 34621

HERMAN HERMAN & KATZ, LLC

820 O'Keefe Avenue

New Orleans, Louisiana 70113

Telephone: (504) 581-4892

E-Mail: sherman@hhklawfirm.com

/s/ Edmund A. Normand_____

**Edmund A. Normand**, Lead Attorney

    (*pro hac vice*)

**Amy L. Judkins**

    (*pro hac vice*)

NORMAND PLLC

Post Office Box 1400036

Orlando, FL 32814-0036

Telephone: (407) 603-6031

E-Mail: ed@ednormand.com

**Christopher B. Hall**, Esq.

    (*pro hac vice*)

HALL & LAMPROS, LLP

400 Galleria Parkway, Suite 1150

Atlanta, Georgia 30339

Telephone: (404) 876-8100

E-Mail: chall@hallandlampros.com

***Attorneys for Plaintiff***
***Carla Wright***

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I will electronically file the above and foregoing with the Clerk of the Court using the CM/ECF electronic filing system, which will automatically send an electronic notification of such filing to all attorneys of record, and will also provide a courtesy copy to counsel *via* e-mail, this 19th day of January, 2021.

*/s/ Stephen J. Herman*