UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CARLA WRIGHT                                                   CIVIL ACTION

VERSUS

GEICO CASUALTY COMPANY                           NO. 20-00823-BAJ-SDJ

### ORDER PRELIMINARILY APPROVING SETTLEMENT AND DIRECTING NOTICE TO THE CLASS

Plaintiff Carla Wright, individually and on behalf of the proposed Settlement Class, and Defendant GEICO Casualty Company, along with all related, parent, affiliated and subsidiary companies ("GEICO") have agreed, subject to approval by the Court, to settle this Action upon the terms and conditions in the Agreement (Doc. 81-1). Plaintiff has filed an unopposed motion for preliminary approval of the Settlement, as set forth in the Agreement, and seeks, among other things, that the Court (1) grant preliminary approval of the Agreement; (2) direct notice to the settlement class; and (3) set a final fairness hearing. A hearing was held on Plaintiff's Motion for Preliminary Approval on January 10, 2024. (*See* Doc. 86).

The Court has read and considered the Agreement and the attached exhibits and has read and considered all other papers filed and proceedings had herein, and is otherwise fully informed, and for the reasons stated below, **GRANTS** Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class (Doc. 81).

Accordingly,

**IT IS HEREBY ORDERED:**

1. This Preliminary Approval Order incorporates by reference the definitions in the Agreement.

2. The Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including the Plaintiff, all Settlement Class Members, and GEICO.

3. The Court preliminarily approves the Agreement, and preliminarily finds the Settlement to be fair, reasonable, and adequate to the Settlement Class, but such finding is not to be deemed an admission of liability or fault by GEICO or by any other Person, or a finding of the validity of any claims asserted in the Action or of any wrongdoing or of any violation of law by GEICO. GEICO shall retain all rights to assert that the Action may not be certified as a class action except for settlement purposes. Neither the Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Released Persons of the truth of any of the allegations made in the Action, or of any liability, fault, or wrongdoing of any kind whatsoever on the part of the Released Persons, except that GEICO may file this Order in any action that may be brought against it in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

4. The Court approves, as to form and content, the Class Notice.

5. All dates that are set forth in or that otherwise flow from the Preliminary Approval Order shall be added to the Postcard Notice before it is mailed to Class Members.

6. The Court finds the Class Notice constitutes the best notice practicable under the circumstances, by providing individual notice to all Class Members who can be identified through reasonable effort, and constitutes valid and sufficient notice to all Persons entitled thereto, complying fully with the requirements of due process.

7. The Court approves the Class Notice, the content of which is without material alteration from the Long Form Notice, Postcard Notice and Claim Form exhibits to the Agreement. Directs mailing of the Postcard Notice by first-class mail to the last-known address for each such Person as set forth in the Agreement, and, for Postcard Notices returned, directs the Settlement Administrator to follow the procedures set forth in the Agreement.

8. The Court approves the Claim Form, the content of which is without material alteration from Exhibit 1 and to the Agreement for distribution to and/or use by potential Settlement Class Members.

9. The Submission Deadline after which the Claim Forms shall be deemed untimely shall be sixty (60) days after the first Postcard Notice is sent.

10. The Court approves the settlement website as described in the Agreement, which may be amended during the course of the settlement as appropriate and agreed to by the Parties, and which shall be maintained for at

least 180 days after the Claims Submission Deadline.

11. The Court appoints JND Legal Administration ("JND") or Postlethwaite & Netterville ("PNCPA") as the Claims Administrator.

12. The Court directs the Claims Administrator to create, maintain, and establish the website described in the Agreement and approved herein. The Website shall be "live" or accessible on or before the date on which Notice is mailed.

13. The Court directs the Claims Administrator to maintain a toll-free VRU telephone system containing recorded answers to frequently asked questions, along with an option permitting potential Settlement Class Members to record a message to be returned by the Claims Administrator.

14. The Claims Administrator shall file proof of mailing of the Notice at or before ten (10) days prior to the Final Approval Hearing, along with list of all Persons who timely and properly requested exclusion from the Settlement Class, and an affidavit attesting to the accuracy of the list.

15. Each Settlement Class Member who wishes to exclude himself or herself from the Settlement Class must submit an appropriate, timely request for exclusion, postmarked no later than thirty (30) days after the date in which the first Postcard Notice is sent, to the Settlement Administrator at the address in the Postcard Notice, and that complies with the requirements in the Agreement. Any exclusion must be exercised individually by a Settlement Class Member, not as or on behalf of a group, class, or subclass, except that such exclusion requests

may be submitted by a Settlement Class Member's Legally Authorized Representative.

16. Any Settlement Class Member who does not submit a timely, written request for exclusion from the Settlement Class will be bound by all proceedings, orders, and judgments in the Action, even if such Settlement Class Member never received actual notice of the Action or this Proposed Settlement.

17. Each Settlement Class Member who has not submitted a timely request for exclusion from the Settlement Class, and who wishes to object to the fairness, reasonableness, or adequacy of this Agreement or any term or aspect of the Proposed Settlement or to intervene in the Action, must follow the procedures set forth in the Agreement, and any objection must be postmarked no later than thirty (30) days after the first Postcard Notice is sent.

18. The right to object to the Proposed Settlement or to intervene must be exercised individually by a Settlement Class Member or his or her attorney, and not as a member of a group, class, or subclass, except that such objections and motions to intervene may be submitted by a Settlement Class Member's Legally Authorized Representative.

19. The Claims Administrator shall receive requests for exclusion, objections, notices of intention to appear, and any other settlement-related communications, and only the Claims Administrator, the Court, the Clerk of the Court, and their designated agents shall have access to these documents, except as otherwise expressly provided in the Agreement.

20. The Claims Administrator shall promptly furnish to Class Counsel and Counsel for Defendants copies of any and all objections, written requests for exclusion, motions to intervene, notices of intention to appear, or other communications that come into its possession, as set forth in the Agreement.

21. The Court hereby stays all proceedings in the Action until further order of the Court, except that the Parties may conduct such limited proceedings as may be necessary to implement the Proposed Settlement or to effectuate the terms of this Agreement.

22. The Court preliminarily finds, for the sole purpose of settlement, that the requirements of Federal Rule of Civil Procedure 23 have been met as to the Settlement Class, as defined in the Agreement, in that the Class, which numbers approximately 65,000, is sufficiently numerous such that joinder is impracticable, there are questions of law and fact common to the Class Members, Plaintiff Wright's claims are typical of absent Settlement Class Members, Class Counsel and Plaintiff Wright are adequate representatives, the aforementioned common questions of law and fact predominate over any individualized questions, and class adjudication is superior to any alternative forms of adjudication. As such, the Court preliminarily certifies the proposed Settlement Class, and preliminarily appoints Plaintiff Wright as Class Representative, and preliminarily appoints Normand PLLC as Class Counsel.

23. The Court preliminarily finds that the settlement of the lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally

fair, reasonable, adequate, and in the best interest of the Settlement Class Members, especially in light of (i) the parties' arm's-length settlement negotiations; (ii) the lack of evidence that the settlement was obtained by fraud or collusion; (iii) the complexity, expense, and likely duration of the litigation; (iv) the stage of the proceedings and discovery completed to support the proposed settlement; and (v) the opinion of competent counsel supporting the settlement.

24. Having considered the proposed Settlement in light of the aforementioned factors, this Court finds as a preliminary matter that the terms of the Settlement are sufficiently fair, reasonable, and adequate such that providing Notice to the Settlement Class and providing them the opportunity to respond and/or voice any objections is justified.

25. A hearing shall be held on **May 14, 2024, at 9:30 A.M.** in Courtroom 2 before Judge Brian A. Jackson for the purpose of determining (a) whether the proposed Settlement as set forth in the Agreement is fair, reasonable and adequate and should be finally approved by the Court; (b) whether a Final Judgment, granting final approval of the Agreement and dismissing the Action with prejudice should be entered; (c) whether the Class Representative should receive an incentive award and in what amount; (d) whether Class Counsel should receive a fees and costs award and in what amount; and (e) such other matters as the Agreement contemplates and as the Court may deem just and proper.

26. Any application by Class Counsel for Attorneys' Fees and Costs, and

all papers in support thereof, and any application for a Class Representative Award, shall be filed with the Court at least fifteen (15) days prior to the Objection Deadline.

27. All other papers in support of the Settlement or responding to objections or motions to intervene shall be filed at least fourteen (14) days prior to the Final Approval Hearing.

28. Unless otherwise ordered by the Court, any Settlement Class Member who does not make an objection in the manner provided for herein, shall be deemed to have waived such objection and shall be foreclosed from making any objection to the foregoing matters.

29. The Court may adjourn the Final Approval Hearing from time to time and without further notice to the Settlement Class Members. The Court reserves the right to approve the Settlement at or after the Final Approval Hearing with such modifications as may be consented to by the Parties and without further notice to the Settlement Class Members. The Court further reserves the right to enter a Final Judgment, dismissing the Action with prejudice as to GEICO and against the Named Plaintiff and the Settlement Class Members at or after the Final Approval Hearing and without further notice to the Settlement Class Members.

30. Pending final determination as to whether the Settlement, as set forth in the Agreement, should be approved, no Settlement Class Member shall commence, prosecute, pursue, or litigate any Released Claims against any

Released Person, whether directly, representatively, or in any capacity, and regardless of whether or not any such Settlement Class Member has appeared in the action.

31. The following schedule is established to guide the Parties in conducting the Notice and claims administration process:

## PROPOSED PRELIMINARY SCHEDULE

| # | Action | Deadline |
|---|--------|----------|
| 1 | Website Notice Posted by Settlement Administrator | No later than 60 days from the date of this Order |
| 2 | Deadline for Settlement Administrator to mail out Postcard Notice. | No later than 60 days from the date of this Order |
| 3 | Deadline for Settlement Class Members to opt-out of the Agreement | No later than 30 days after the first Postcard Notice is sent. |
| 4 | Deadline for submission of Notice of Intent to object to agreement | No later than 30 days after the first Postcard notice is sent. |
| 5 | Deadline for Settlement Class Members to file claims. | No later than 60 days after the first Postcard Notice is sent. |
| 6 | Deadline for Class Counsel to file their Motion for Final Approval of the Settlement. | No later than 14 days before the Final Fairness Hearing |
| 7 | Deadline for Class Counsel to file the Motion for Attorneys' Fees, Costs, and Service Award. | No later than 15 days before the deadline to file objections or opt-outs |

| 8 | Deadline for Settlement Administrator to file proof of completion of Notice, along with complete and accurate list of Settlement Class Members requesting exclusion. | No later than 10 days prior to the Fairness Hearing |
|---|---|---|
| 9 | Final Approval Hearing | May 14, 2024 at 9:30 A.M. in Courtroom 2. |

Baton Rouge, Louisiana, this 18th day of January, 2024

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA