UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CARLA WRIGHT**                                                      **CIVIL ACTION**

**VERSUS**

**GEICO CASUALTY COMPANY**                          **NO. 20-00823-BAJ-SDJ**

### RULING AND ORDER

The parties have reached a settlement in this case. Through an unopposed motion for final approval of class settlement, they seek, among other things, that the Court (1) certify the proposed class for settlement purposes; (2) approve the Class Action Settlement Agreement; (3) find that notice to the Settlement Class was fair, adequate, and comported with due process; and (4) enter an order finally approving the Settlement and a Final Judgment of Dismissal with Prejudice. For the reasons stated below, the Motion is granted.

**WHEREAS**, Plaintiff Carla Wright, individually and on behalf of the proposed Settlement Class, and Defendant GEICO Casualty Company, along with all related, parent, and subsidiary companies (GEICO) have agreed, subject to approval by the Court, to settle this Action upon the terms and conditions in the Agreement; and

**WHEREAS**, the Parties have made an application for final approval of the Settlement of this Action, as set forth in the Agreement; and

**WHEREAS**, on January 19, 2024, this Court preliminarily approved the Settlement as fair, reasonable, and adequate, ordered that Notice be directed to the

Settlement Class as set forth in the Settlement, and preliminarily certified the Settlement Class; and

**WHEREAS**, on April 2, 2024, Class Counsel filed a Motion for Attorneys' Fees and Costs and Service Award to the Named Plaintiff, Ms. Carla Wright; and

**WHEREAS**, all capitalized terms used herein shall have the same meaning as set forth in the Agreement and are hereby incorporated by reference, and this Order incorporates by reference the definitions in the Agreement; and

**WHEREAS**, Ms. Wright was approved in the Preliminary Approval Order as the Class Representative; and

**WHEREAS**, GEICO and Class Counsel have satisfactorily demonstrated to the Court that the Notice Plan was followed as agreed to in the Agreement and ordered by the Court; and

**WHEREAS**, a Final Fairness Hearing was held on May 15, 2024, at which all interested persons were given an opportunity to be heard, and at which there were no objections lodged to the Settlement; and

The Court has read and considered the Agreement and the exhibits thereto and has read and considered all other papers filed and proceedings had herein, and is otherwise fully informed, and with good cause appearing,

**IT IS HEREBY ORDERED:**

1. This Order incorporates by reference the definitions in the Agreement.

2. The Court has jurisdiction over the subject matter of this Action and over all Parties to this Action.

3. The Court approves the Agreement, and finds the Settlement to be fair, reasonable, and adequate to the Settlement Class, but, as stated in this Court's Preliminary Approval Order, such finding is not to be deemed an admission of liability or fault by GEICO or by any other Person, or a finding of the validity of any claims asserted in the Action.

4. The Court finds that the Class Action Fairness Act Notice given by the Settlement Administrator on behalf of GEICO was in full compliance with 28 U.S.C. § 1715(b).

5. The Court finds the Class Notice constituted the best notice practicable under the circumstances, by providing individual notice on two occasions to all Class Members who were identified through reasonable effort, and constituted valid and sufficient notice to all Persons entitled thereto, complying fully with the requirements of Fed. R. Civ. P. 23 and due process.

6. The Court appoints Carla Wright as Class Representative and Jacob Phillips of Jacobson Phillips PLLC, Ed Normand of Normand PLLC, and Chris Hall of Hall & Lampros, LLP as Class Counsel.

7. The Court reaffirms and appoints JND as the Settlement Administrator.

8. Consistent with the Agreement, the Court certifies for purposes of settlement the Settlement Class as defined in the Preliminary Approval Order, subject to the exclusions set forth therein.

9. The Court finds, for the sole purpose of settlement, that the requirements of Federal Rule of Civil Procedure 23 have been met as to the Settlement Class, in that

the Class, which numbers over 65,000, is sufficiently numerous such that joinder is impracticable, there are questions of law and fact common to the Class Members, Plaintiff Wright's claims are typical of absent Class Members, Class Counsel and Plaintiff Wright are adequate representatives, the aforementioned common questions of law and fact predominate over any individualized questions, and class adjudication is superior to any alternative forms of adjudication. As such, the Settlement Class, as defined in the Settlement Agreement, is certified for purposes of settlement.

10. The Court finds that the Settlement is fair, reasonable, adequate, and in the best interest of the Class Members, given (i) the arm's-length negotiations; (ii) the lack of evidence of any fraud or collusion; (iii) the complexity, expense, and likely duration of the litigation; (iv) the stage of the proceedings and discovery completed; and (v) the opinion of Class Counsel, the Class Representative, and Settlement Class Members. The Court notes there are *no objections* lodged by Settlement Class Members, which strongly supports approval of the Settlement. *See generally, e.g.*, *In re Oil Spill*, 295 F.R.D. 112, 150 (E.D. La. 2013) (noting that "one indication of the fairness of a settlement is the lack of or small number of objections"); *Quintanilla v. A & R Demolition Inc.*, No. H-04-CV-1965, 2008 U.S. Dist. LEXIS 37449, 2008 WL 9410399, *5 (S.D. Tex. May 7, 2008) ("If only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement."); *Thacker v. Chesapeake Appalachia, L.L.C.*, 695 F. Supp. 2d 521, 527 (E.D. Ky. 2010) (finding that 12 objections out of a class of approximately 8,000 was "within the range of reasonableness" and militated in favor of approval); *Amos v. PPG Indus.*, No. 2:05-

cv-70, 2019 U.S. Dist. LEXIS 139021, at *30 (S.D. Oh. Aug. 16, 2019) ("[N]o objections were filed, which creates the inference that all or most of the class members had no concerns about the proposed settlement. This positive response weighs in favor of approving the settlement.").

11. In accordance with the terms of the Settlement and the Preliminary Approval Order, the Parties implemented the Notice Plan approved by the Court. GEICO's counsel and Class Counsel have confirmed that the Parties complied with the Notice Plan.

12. As such, the Court **GRANTS FINAL APPROVAL OF** the Settlement, and the Parties are hereby directed to consummate the Settlement in accordance with its terms.

13. The Class claims in this Action are dismissed in their entirety, on the merits, with prejudice and without leave to amend, and all members of the Settlement Class, the Releasing Parties, and any of their respective heirs, executors, administrators, partners, agents, and the successors and assigns of each of them, shall be forever barred and permanently enjoined from asserting, either directly or indirectly, individually, or in a representative capacity or on behalf of or as part of a class, and whether under State or Federal statutory or common law, any Released Claim against any Released Person.

14. As of the Effective Date, by operation of the entry of the Final Judgment, each Settlement Class Member shall be deemed to have fully released, waived, relinquished and discharged, to the fullest extent permitted by law, all Released

Claims that the Released Parties may have against all the Released Persons.

15. The Court has also considered the application of attorneys' fees and costs and service awards to the named Plaintiffs. The Fifth Circuit has approved district courts' "use of the percentage method cross-checked with the *Johnson* factors." *Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 644 (5th Cir. 2012). These factors—intended to ensure "a reasonable fee"—are: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal service adequately; (4) the preclusion of other employment by the attorney because he accepted this case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717, 720 (5th Cir. 1974).

16. Having considered such factors as a cross-check, the Court agrees $260,000.00 in attorneys' fees and costs, which is 26% of the of the settlement value of $1,022,125.00, is fair and reasonable and approves such amount. *See generally, e.g., In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 424 F. Supp. 3d 456, 497–98 (E.D. La. 2020) (observing that "for settlements between $1 million and $2 million, common benefit fees between 32-percent and 37-percent have been awarded" in this Circuit); *Poe v. United Ass'n of Journeyman & Apprentices of the Plumbing &*

*Pipefitting Indus. of the United States AFL-CIO Local 198 Health and Welfare Fund*, No. 18-00667-BAJ-SDJ, 2021 U.S. Dist. LEXIS 188683 (M.D. La. Sep. 30, 2021) (approving fees of 33 1/3%); *Shaw v. Toshiba Am. Info. Sys.*, 91 F. Supp. 2d 942, 972 (E.D. Tex. 2000) ("[T]his Court concludes that attorneys' fees in the range from twenty-five percent (25%) to thirty-three and thirty-four one-hundreths percent (33.34%) have been routinely awarded in class actions."); *Di Giacomo v. Plains All Am. Pipeline*, No. H-99-4137, 2001 U.S. Dist. LEXIS 25532 (S.D. Tex. Dec. 18. 2001) (approving fees of 30%).

As such, it is hereby **ORDERED** and **ADJUDGED**:

17. The benefits of the Settlement are fair, reasonable, and adequate. Further, for purposes of settlement, the proposed Settlement Class meets the requirements of Fed. R. Civ. P. 23(a) and (b)(3), and the Court therefore certifies the Settlement Class as defined in the Settlement Agreement. Finally, the requested attorneys' fees, costs, and service awards are reasonable.

18. All Releasing Parties are hereby barred and enjoined from asserting any Released Claims against GEICO or its affiliates. GEICO and the Released Parties are released from the Released Claims. This Court reserves continuing and exclusive jurisdiction over the Parties to this Agreement, including GEICO and Settlement Class Members, to administer, supervise, and enforce this Agreement in accordance with its terms.

19. In accordance with Fed. R. Civ. P. 54, this Final Order and Judgment is a final and appealable order. Specifically, this Final Judgment is a final order in the

Action within the meaning and for the purposes of the Federal Rules of Civil Procedure as to all claims among GEICO on the one hand, and the Class Representative and all Settlement Class Members on the other, and there is no just reason to delay enforcement or appeal.

20. The Clerk of the Court is directed to enter a judgment of dismissal and close this case.

21. Without in any way affecting the finality of this Final Order and Judgment, the Court shall retain continuing jurisdiction for purposes of:

    A. enforcing this Final Judgment and the Agreement;

    B. hearing and determining any application by any Party to the Settlement for a settlement bar order; and

    C. any other matters related or ancillary to any of the foregoing.

Baton Rouge, Louisiana, this 12th day of June, 2024

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**